UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTWOOD VISTAS, LP, | No. 2:17-cv-02558-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| ARMANI DORRIS AND DANIELA KOETZ, | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Armani Dorris's ("Dorris") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court REMANDS the action to the Yolo County Superior Court.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 13, 2017, Plaintiff Westwood Vistas, LP ("Plaintiff") filed an unlawful detainer action in Yolo Superior Court. (Not. of Removal, ECF No. 1 at 10.) On December 6, 2017, Dorris filed a Notice of Removal in the United States District Court, Eastern District of California, alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1441. (ECF No. 1 at 2 ¶ 5.) Dorris included copies of the state court complaint, attorney verification, and summons with Dorris's filing in this Court. Dorris did not include any other documents, such as attachments to the complaint or orders of the state court.

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Title 28 U.S.C. § 1446 requires a defendant removing a civil action from a state court to a district court to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a).

Section 1446 also requires that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## III. ANALYSIS

This removal action was not timely filed. The state court summons states the summons was served by personal delivery on September 19, 2017. (ECF No. 1 at 14). Dorris removed this action on December 6, 2017, (ECF No. 1 at 1), well after the 30-day period required by 28 U.S.C. § 1446(b)(1).

Additionally, Dorris did not include the required documents in the filing. A defendant must include with the removal notice copies of all process, pleadings, and orders with which the defendant had been served. 28 U.S.C. § 1446(a). The state court complaint references nine pages of attachments, (ECF No. 1 at 12), which Dorris did not provide with the notice of removal.

Further, the Court has not been provided with documentation that all defendants have joined or consented to the removal of this action, as required. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure…." 28 U.S.C. § 1446(a). The caption of both the state court case and the removal notice refer to two named defendants, Dorris and Daniela Koetz ("Koetz"), and the text refers to a third, Grant Marcus. (ECF No. 1 at 1, 5 ¶ 12.a., & 10.) Only Dorris signed the removal notice. (ECF No. 1 at 8.) A party may only represent himself and manage his own case in federal court. 28 U.S.C.A. § 1654. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Dorris, a *pro se* litigant who does not purport to be licensed to practice law in California, may not represent or file on behalf of any co-defendants.

Dorris has not met the removing party's burden of showing that jurisdiction before this Court is proper. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby REMANDS this action to the Yolo Superior Court. The Court has reviewed motions for in forma pauperis status from Koetz (ECF No. 2), and Dorris (ECF No. 3), and finds both Koetz and Dorris meet the requisite standard. The Court GRANTS both Koetz's and Dorris's motion for in forma pauperis status (ECF Nos. 2 & 3).

///

///

///

IT IS SO ORDERED.

Dated: December 8, 2017

Troy L. Nunley
United States District Judge